Justin Cilenti (GC 2321)
Peter H. Cooper (PHC 4714)
CILENTI & COOPER, PLLC
200 Park Avenue – 17th Floor
New York, NY 10166
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

FRANCISCO XOCHIMITL,  EDWIN J. CRUZ,
and TEOFILO REYES, *on behalf of themselves,*
*and other similarly situated employees*,

                              Plaintiffs,

          - against -

CLIPPER EQUITY LLC, BISTRICER HOLDINGS LLC,
4611 ASSOCIATES LLC, 3100 OCEAN LLC, *and*
DAVID BISTRICER, GABRIEL BRISTRICER,
and J.J. BISTRICER, *individually,*

                              Defendants.

---

Case No.:  21 CV 6748

COMPLAINT in an
FLSA ACTION

ECF Case

Jury Trial Demand

---

Plaintiffs, Francisco Xochimitl, Edwin J. Cruz, and Teofilo Reyes, (collectively,

"Plaintiffs"), on behalf of themselves, and other similarly situated employees, by and

through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against

Defendants, Clipper Equity LLC, located at 4611 12th Avenue, Brooklyn, New York

11219; Bistricer Holdings LLC, located at 4611 12th Avenue, Brooklyn, New York

11219; 4611 Associates LLC, located at 4611 12th Avenue, Brooklyn, New York 11219;

3100 Ocean LLC, with a corporate management office located at 4611 12th Avenue,

Brooklyn, New York 11219 (Clipper Equity LLC, Bistricer Holdings LLC, 4611

Associates LLC, and 3100 Ocean LLC, are collectively referred to herein, as the

"corporate defendants"); and David Bistricer, Gabriel Bistricer, and J.J. Bistricer, individually (all defendants, are collectively referred to herein, as the "Defendants"), and state as follows:

## INTRODUCTION

1.     Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), that they are entitled to recover from the Defendants: (1) unpaid wages, minimum wages, and overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.     Plaintiffs, further allege, pursuant to the New York Labor Law, that they are entitled to recover from the Defendants: (1) unpaid wages, minimum wages, and overtime compensation; (2) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.     Plaintiffs are adult residents of Kings County, in the City of New York.

6.     Upon information and belief, Defendant, Clipper Equity LLC, is a limited liability company, authorized to do business in the State of New York, and doing

business in the State of New York, with its principal management office located at 4611 12th Avenue, Brooklyn, New York 11219.

7.      Clipper Equity LLC owns residential buildings in the State of New York, including, *inter alia*, residential buildings located at 4611 12th Avenue, Brooklyn, New York 11219, and 3100 Ocean Parkway, Brooklyn, New York 11235.

8.      Upon information and belief, Defendant, Bistricer Holdings LLC is a limited liability company, organized and existing under the laws of the State of New York, with a principal place of business at 4611 12th Avenue, Brooklyn, New York 11219.

9.      Upon information and belief, Defendant, 4611 Associates LLC is a limited liability company, organized and existing under the laws of the State of New York, with a principal place of business at 4611 12th Avenue, Brooklyn, New York 11219.

10.     Upon information and belief, Defendant, 3100 Ocean LLC is a limited liability company, organized and existing under the laws of the State of New York, with a principal place of business at 4611 12th Avenue, Brooklyn, New York 11219.

11.     The corporate defendants, Clipper Equity LLC, Bistricer Holdings LLC, 3100 Ocean LLC, and 4611 Associates LLC, and their principals, have and had the authority and responsibility over payroll decisions relating to the employees of the properties they own and manage.

12.     The corporate defendants own and manage dozens of residential buildings in New York City.

13.     The corporate defendants jointly own and manage the employees located at their owned and operated buildings.

14.     Although the corporate defendants are separate corporations, they engage in related activities, namely, owning, managing, and operating residential apartment buildings. The corporations shared Plaintiffs, acted in the interest of each other with respect to their employees, paid (or failed to pay) their employees, shared control over the employees, and are themselves under common control and management.

15.     The corporate defendants are owned, operated, and controlled by the same individual owners, or owner group, operating as a unified operation and, upon information and belief, each provide mutually supportive services to the substantial advantage of the other such that each entity is operationally interdependent of each other and, therefore, may be treated as a single enterprise.

16.     The performance of Plaintiffs' job responsibilities was and continues to be controlled by one person or group of persons, corporations, or other organizational units acting together.

17.     The corporate defendants share a common commercial business purpose, namely, leasing residential apartments to the public.

18.     Upon information and belief, an arrangement existed between the corporate defendants whereby both entities shared the services of Plaintiffs and other similarly situated employees.

19.     Upon information and belief, the corporate defendants own and operate various apartment buildings in New York City, and shared control of Plaintiffs and other employees.

20.    The corporate defendants own and manage numerous buildings, including two located at 4611 12th Avenue, Brooklyn, New York 11219 and 3100 Ocean Parkway, Brooklyn, New York 11235, respectively.

21.    The corporate defendants own and manage a building located at 3100 Ocean Parkway, Brooklyn, New York 11235.

22.    The corporate defendants and its principals have and had the authority and responsibility over payroll decisions relating to the employees of the properties they manage, including, *inter alia*, the property owned by 4611 Associates LLC, located at 4611 12th Avenue, Brooklyn, New York 11219.

23.    The corporate defendants and its principals have and had the authority and responsibility over payroll decisions relating to the employees of the properties they manage, including, *inter alia*, the property owned by 3100 Ocean LLC, located at 3100 Ocean Parkway, Brooklyn, New York 11235.

24.    Upon information and belief, Defendant, David Bistricer, is an owner, officer, director and/or managing agent of the corporate defendants, whose address is unknown at this time, and who participated in the day-to-day operations of the corporate defendants, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the corporate defendants.

25.    Defendant, David Bistricer, at all relevant times, has been actively involved in managing the day to day operations of the corporate defendants.

26.     Upon information and belief, Defendant, Gabriel Bistricer, is an owner, officer, director and/or managing agent of the corporate defendants, whose address is unknown at this time, and who participated in the day-to-day operations of the corporate defendants, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the corporate defendants.

27.     Defendant, Gabriel Bistricer, at all relevant times, has been actively involved in managing the day to day operations of the corporate defendants.

28.     Upon information and belief, Defendant, J.J. Bistricer, is an owner, officer, director and/or managing agent of the corporate defendants, whose address is unknown at this time, and who participated in the day-to-day operations of the corporate defendants, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the corporate defendants.

29.     Defendant, J.J. Bistricer, at all relevant times, has been actively involved in managing the day to day operations of the corporate defendants.

30.     Plaintiff, Francisco Xochimitl, was employed by Defendants in New York City, as a building porter at a residential building owned and managed by defendants, located at 3100 Ocean Parkway, Brooklyn, New York, 11235, beginning in or around 2009, through November 10, 2021, without interruption.

31.  Plaintiff, Edwin J, Cruz, was employed by Defendants in New York City, as a building superintendent at a residential building owned and managed by defendants, located at 3100 Ocean Parkway, Brooklyn, New York, 11235, beginning in or around August 2012, through November 26, 2021, without interruption.

32.  Plaintiff, Teofilio Reyes, was employed by Defendants in New York City, as a building superintendent at a residential building owned and managed by defendants, located at 4611 12th Avenue, Brooklyn, New York, 11219, beginning in or around 1969, through November 2021, without interruption.

33.  At all relevant times, the corporate defendants were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA.

34.  At all relevant times, the work performed by Plaintiffs was directly essential to the apartment buildings owned and managed by the corporate defendants.

35.  At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned wages and minimum wages, and, overtime compensation, in contravention of the FLSA and New York Labor Law.

36.  Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

### STATEMENT OF FACTS

#### a.  **Plaintiff Francisco Xochimitl**

37.  In approximately 2009, Plaintiff, Francisco Xochimitl, was hired by Defendants to work as a porter at Defendants' apartment building, located at 3100 Ocean Parkway, in Kings County, New York City.

38.  Plaintiff, Francisco Xochimitl worked for the Defendants continuously between 2009 and November 2021, without interruption.

7

39.     During Plaintiff Francisco Xochimitl's employment by Defendants, he worked over forty (40) hours per week. Plaintiff generally worked six (6) days a week, and his work shift consisted of between eight (8) and nine (9) hours on weekdays; on Sundays he worked approximately three (3) hours preparing the trash for pick-up.

40.     Plaintiff Francisco Xochimitl normally worked a total of approximately forty-two (42) or more working hours per week.

41.     Since 2018, Plaintiff Francisco Xochimitl was paid a salary of approximately $464.00 per week, regardless of the number of hours he worked. Plaintiff was not paid hourly and not compensated for all of the hours he worked.

42.     Prior to 2018, Plaintiff Francisco Xochimitl was paid a salary of $630.00 for two (2) weeks, or three hundred fifteen dollars ($315.00) per week; he worked in excess of forty (40) hours per week.

43.     Throughout the course of his employment, Plaintiff Francisco Xochimitl regularly worked, over forty (40) hours per week, without receiving wages, minimum wages and overtime pay as required by law.

44.     Throughout his employment, Plaintiff's duties at the building owned and managed by Defendants, included but were not limited to, sorting and removing the garbage and recycling, sweeping and mopping, general renovations, cleaning, and checking and maintaining the boiler, shoveling snow and taking care of the building grounds.

b.     **Plaintiff Edwin J. Cruz**

45.     In approximately August 2012, Plaintiff, Edwin J. Cruz, was hired by Defendants to work as a handyman at Defendants' apartment building, located at 3100

Ocean Parkway, in Kings County, New York City. Soon after he started, he was promoted to building superintendent.

46.     Plaintiff, Edwin J. Cruz worked for the Defendants continuously between 2012 and November 2021, without interruption.

47.     During Plaintiff Edwin J. Cruz's employment by Defendants, he worked over forty (40) hours per week. Plaintiff generally works six (6) or seven (7) days a week, and his work shift consists of between eight (8) and nine (9) hours on weekdays; on weekends he works approximately three (3) to five (5) hours each day. He often works longer hours.

48.      Plaintiff Edwin J. Cruz normally worked a total of approximately forty-five (45) to sixty (60) working hours per week.

49.     Plaintiff Edwin J. Cruz was paid a salary of approximately $500.00 per week, regardless of the number of hours he worked. Plaintiff was not paid hourly and not compensated for all of the hours he worked.

50.     Throughout the course of his employment, Plaintiff Edwin J. Cruz regularly worked, over forty (40) hours per week, without receiving wages, minimum wages and overtime pay as required by law.

51.     Throughout his employment, Plaintiff's duties at the building owned and managed by Defendants, were to take care of the building and its surrounding grounds.

52.     Plaintiff regularly worked, and works, each week, without receiving minimum wages and overtime compensation, as required by law.

53.     Plaintiff resides in the building for the purpose of being available to provide services to the residents on a 24-hour basis.

c.    **Plaintiff Teofilo Reyes**

54.    In approximately 1969, Plaintiff, Teofilo Reyes, was hired by Defendants to work as a superintendent at Defendants' apartment building, located at 4611 12th Avenue, in Kings County, New York City.

55.    Plaintiff, Teofilo Reyes worked for the Defendants continuously between 1969 and November 2021, without interruption.

56.    During Plaintiff Teofilo Reyes' employment by Defendants, he worked over forty (40) hours per week. Plaintiff generally worked six (6) days a week, and his work shift consisted of between eight (8) and nine (9) hours on weekdays; on weekends he works approximately three (3) to five (5) hours each day. He often worked longer hours.

57.    Plaintiff Teofilo Reyes normally worked a total of approximately fifty (50) working hours per week.

58.    Plaintiff Teofilo Reyes was paid a salary of approximately $125.00 per week, regardless of the number of hours he worked. Plaintiff was not paid hourly and not compensated for all of the hours he worked.

59.    Throughout the course of his employment, Plaintiff Teofilo Reyes regularly worked, over forty (40) hours per week, without receiving wages, minimum wages and overtime pay as required by law.

60.    Throughout his employment, Plaintiff's duties at the building owned and managed by Defendants, were to take care of the building and its surrounding grounds.

61.    Plaintiff regularly worked, each week, without receiving minimum wages and overtime compensation, as required by law.

62.    Plaintiff resides in the building for the purpose of being available to provide services to its residents on a 24-hour basis.

63.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and other similarly situated employees lawfully earned minimum wages in contravention of the FLSA and New York Labor Law.

64.    At relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and other similarly situated employees lawfully earned overtime wages in contravention of the FLSA and New York Labor Law.

65.    Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

66.    At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient time records.

67.    Plaintiffs have been substantially damaged by Defendants' wrongful conduct.

68.    Plaintiffs did not receive weekly wage statements.

69.    Plaintiffs did not receive annual wage notices.

70.    Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiffs and other similarly situated employees.

71.    Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs  either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York

Labor Law and the supporting federal and New York State Department of Labor Regulations.

72.    Defendants did not provide Plaintiffs, with an accurate wage statement or summary, or any written statement, accounting for their actual hours worked, and setting forth their hourly rate of pay, or other basis for his pay, and overtime wages, deductions or withholdings, and gross and net wages.

73.    Upon information and belief, this was done in order to disguise the actual number of hours Plaintiffs worked, and to avoid paying them for (1) hours worked; and (2) overtime due.

74.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the New York Labor Law by failing to maintain accurate and complete payroll records and failing to provide wages statements to Plaintiffs.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

75.    Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "74" of this Complaint as if fully set forth herein.

76.    At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

77.    At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

78.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

79.     Plaintiffs, and other similarly situated employees, worked hours for which they were paid no wages.

80.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and other similarly situated employees, for their hours worked.

81.     Defendants failed to pay Plaintiffs, and other similarly situated employees, minimum wages in the lawful amount for their hours worked.

82.     Plaintiffs and other similarly situated employees were entitled to be paid at the rate of time and one-half the statutory minimum for all hours worked in excess of the maximum hours provided for in the FLSA.

83.     Defendants failed to pay Plaintiffs and other similarly situated employees, overtime compensation in the lawful amount for all hours worked in excess of forty (40) per week as provided for in the FLSA.

84.     At all relevant times, Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs, for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

85.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs, at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in

excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure them.

86.     Defendants failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

87.     Records, if any, concerning the number of hours worked by Plaintiffs are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

88.     Defendants failed to properly disclose or apprise Plaintiffs, of their rights under the FLSA.

89.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

90.     Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

91.     Plaintiffs are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

92.    Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "91" of this Complaint as if fully set forth herein.

93.    At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

94.    Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs wages, *i.e.*, minimum wages in the lawful amount for hours worked.

95.    Defendants failed to pay Plaintiffs the minimum wages to which they were was entitled under the New York Labor Law.

96.    In violation of New York Labor Law, Part 141-1, Defendants failed to pay Plaintiff the statutory unit rate per week for janitors in residential buildings, as follows: $4.85 per unit on or after July 24, 2009; $5.35 on and after December 31, 2013; $5.85 on and after December 31, 2014; and $6.00 on and after December 31, 2015.

97.    Defendants knowingly and willfully violated Plaintiffs rights by failing to pay overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay for each hour worked in excess of forty (40) hours in a workweek.

98.    Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiffs also seek liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

99.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "98" of this Complaint as if fully set forth herein.

100.    Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours the employee worked, in order to avoid paying their for their full hours worked; and, overtime due.

101.    Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets, wage notices, and payroll records.

102.    Plaintiffs were not provided with a proper, written notice as required by the New York State Wage Theft Prevention Act.

103.    Plaintiffs were not provided with weekly wage statements, or any statements, as required by applicable regulations.

104.    Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

105.    Due to Defendants' violation of New York Labor Law § 195(1), plaintiffs are entitled to recover from Defendants damages of fifty dollars ($50.00) per day that the violation occurred, up to a maximum of five thousand dollars ($5,000), reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL § 198(1-b).

106.    Due to Defendants' violation of New York Labor Law § 195(3), plaintiffs are entitled to recover from Defendants damages of two hundred fifty dollars ($250.00) per day that the violation occurred, up to a maximum of five thousand dollars ($5,000),

reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL § 198(1-d).

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiffs, on behalf of themselves, and other similarly situated employees, respectfully requests that this Court grant the following relief:

(a)    A declaratory judgment and injunctive relief, preventing Defendants from continuing the practices complained of herein; under the FLSA and New York Labor Law;

(b)    An award of unpaid wages and minimum wages due under the FLSA and New York Labor Law;

(c)    An award of unpaid overtime wages due under the FLSA and New York Labor Law;

(d)    An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e)    An award of liquidated damages and statutory penalties as a result of Defendants' failure to pay minimum wages, overtime compensation, pursuant to the New York Labor Law;

(f)    An award of prejudgment and post-judgment interest;

(g)    An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(h)    Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all applicable issues.

Dated: New York, New York
December 6, 2021

Respectfully submitted,

By: _____

    Peter H. Cooper  (PHC 4714)
CILENTI & COOPER, PLLC
**Attorneys for Plaintiffs**
200 Park Avenue – 17th Floor
New York, NY 10166
Telephone  (212) 209-3933
Facsimile   (212) 209-7102
E-mail: pcooper@jcpclaw.com

**NOTICE OF INTENTION TO ENFORCE MEMBER**
**LIABILITY FOR SERVICES RENDERED**

To:    DAVID BISTRICER
       GABRIEL BRISTRICER
       J.J. BISTRICER

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Francisco Xochimitl, Edwin J. Cruz, and Teofilo Reyes, intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Clipper Equity LLC; Bistricer Holdings LLC; 4611 Associates LLC; and, 3100 Ocean LLC,  for all debts, wages and / or salaries due and owing to them as laborers, servants, and / or employees of said corporations, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: New York, New York
       December 6, 2021

Respectfully submitted,

By:    _____
              Peter H. Cooper  (PHC 4714)

CILENTI & COOPER, PLLC
**Attorneys for Plaintiffs**
200 Park Avenue – 17th Floor
New York, NY 10166
Telephone  (212) 209-3933
Facsimile (212) 209-7102
E-mail: pcooper@jcpclaw.com

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Francisco Xochimitl_ , am an employee currently or

formerly employed by _PR Shelbourne Towers_ , and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_December 3_ , 2021

_Francisco Xochimitl_

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Edwin J. Cruz_____, am an employee currently or

formerly employed by _Clipper Equity / Shelbourne_____, and/or related

entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_12-6_____, 2021

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Teofilio Reyes_, am an employee currently or

formerly employed by _Eilal Mgmt / Clipper Equity_, and/or related

entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_December 5_, 2021

_Teofilo Reyes_   12/5/20